ORDER
WRIT DENIED.
Relator’s application claims five assignments of error which we deny, for the following reasons:
1. Relator has failed to show that his mental condition at the time of the offense will be a significant issue at trial that would require appointing the following experts: (1) a neuropsychologist; (2) a neurologist; (3) a psychiatrist with expertise in the field of mental retardation; and, (4) a psychologist with expertise in the field of mental retardation. Relator has entered a simple plea of not guilty. He has already been thoroughly examined by the Aca-diana Psychiatry And Psychology Group. Relator’s application is void of any evidence to suggest that he is suffering from some form of mental disorder other than a mild form of mental retardation, which was the diagnosis of the Acadiana Psychiatry And Psychology Group. Accordingly, we find the trial court did not err in denying relator’s request for funds for further testing by experts concerning his mental condition. Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).
2. We find no error in the trial court’s ruling denying relator funds to hire the National Center On Institutions and Alternatives.
3. We find no error in the trial court’s ruling that the inculpatory statements of relator appearing in Dr. W.A. Hawkins’ report may be admissible or proper rebuttal at the penalty phase only. Furthermore, we find that this ruling is premature and totally dependent upon the evidence presented by defendant at the penalty phase. Therefore, to the extent necessary, right is reserved to relator to re-urge his objection at the appropriate time at the penalty phase of this proceeding.
4. We find no error in the trial court’s ruling denying relator funds for experts in the field of fingerprint analysis and serology. Relator failed to adequately show that the State’s experts might be erroneous in their opinions or that another expert might necessarily be expected to disagree with their conclusions. State v. Balfa, 506 So.2d 1369 (La.App. 3rd Cir.1987), writ denied, 512 So.2d 436 (La.1987); State v. Hodge, 457 So.2d 152 (La.App. 2nd Cir.1984), writ denied, 459 So.2d 545 (La.1984).
5. We find no error in the trial court’s ruling denying relator’s motion to suppress physical evidence seized pursuant to a consent search.